IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KEVIN LEE KERKHOFF,<br><br>      Plaintiff,<br><br>vs.<br><br>MICHAEL SMITH,<br><br>      Defendant. | MEMORANDUM DECSISION<br>AND ORDER<br><br><br>Case No. 2:15-cv-00870-TC |

Plaintiff Kevin Lee Kerkhoff has filed a civil rights lawsuit claiming Defendant Michael Smith violated his civil rights and committed legal malpractice in 2014. Mr. Smith moves to dismiss (ECF No. 11) all claims in Mr. Kerkhoff's amended complaint (ECF No. 8) for failing to state a claim for which relief may be granted under Federal Rule of Civil Procedure 12(b)(6). Because Mr. Kerkhoff, who represents himself as a *pro se* litigant, failed to allege facts in his amended complaint that support claims under 42 U.S.C. §§ 1983 or 1985, and because the court declines to exercise supplemental jurisdiction over the state-law malpractice claims, the court DISMISSES the action without prejudice.

**Governing Standards**

The court construes pleadings drafted by those who represent themselves (that is, *pro se* litigants) liberally, applying a less stringent standard than formal attorney-drafted pleadings.

Harrison v. Gilbert, 148 F. App'x 718, 720 (10th Cir. 2005) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)). "Dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002) (quoting Curley v. Perry, 246 F.3d 1278, 1281 (10th Cir. 2001)). "In determining whether dismissal is proper, [the court] must accept the allegations of the complaint as true and . . . construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the" plaintiff. Perkins v. Kan. Dep't of Corr., 165 F.3d 803, 806 (10th Cir. 1999).

**Background Facts**[1]

    Mr. Kerkhoff is a citizen of Orem, Utah. Mr. Smith is a citizen of Provo, Utah, and is a licensed attorney representing himself. Mr. Smith once represented Mr. Kerkhoff. In fact, Mr. Smith had signed a contract to provide legal services to Mr. Kerkhoff after which he was paid $750. The contract specified that Mr. Smith's representation would be "limited" in some way, but at a minimum, Mr. Smith was required to represent Mr. Kerkhoff at a hearing in the U.S. District Court for the District of Utah on July 7, 2014. Mr. Smith did not "follow through with . . . representing" Mr. Kerkhoff "as an attorney" would. (Am. Compl. 2.) The court presumes Mr. Smith did not attend the July 7 hearing to represent Mr. Kerkhoff.

    Mr. Smith allegedly did not do any discovery, investigation, or research into 42 U.S.C. §§ 1983 and 1985, which were likely the statutes that were controlling or would be discussed at the July 7 hearing. Mr. Smith only looked up some information on a computer on June 3, 2014.

---

[1] All statements of fact are derived from Mr. Kerkhoff's amended complaint.

The amended complaint is ambiguous about what he learned from his investigation. He might have read the statutes mentioned above or he researched something about a prior case that was initiated by a February 12, 2002 complaint. Beyond these minimal acts, Mr. Smith allegedly did nothing more to follow through with the case. Based on the allegations of the amended complaint, the court assumes that Mr. Smith did nothing more for his client. The court presumes that Mr. Smith acted unreasonably and did not address Mr. Kerkhoff's rights that were secured by federal or state law.

**Analysis**

Mr. Kerkhoff's amended complaint is not clear, but based on the court's review, it appears that he raises three claims against Mr. Smith: (1) a Section 1983 action under Title 42 of the U.S. Code; (2) a Section 1985 action under the same title; and (3) a legal malpractice claim.

I.   *Section 1983 of Title 42 of the U.S. Code*

Section 1983 reads, in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C § 1983 (2012). The two main elements to this statute "are (1) deprivation of a federally protected right by (2) an actor acting under color of state law." Schaffer v. Salt Lake City Corp., ___ F. 3d ___, No. 14-4112, 2016 WL 805857, at *2 (10th Cir. Mar. 2, 2016) (citing D.T. ex rel. M.T. v. Indep. Sch. Dist. No. 16, 894 F.2d 1176, 1186 (10th Cir.1990)).

To prevail on this claim, Mr. Kerkhoff needs to identify some right under federal law of which he had been deprived. Besides the possible Section 1985 claim, which is discussed below, the court cannot discern of any right that Mr. Kerkhoff intended to assert. His malpractice claim is based in state law rather than federal law, so malpractice cannot support the Section 1983 claim.

Mr. Kerkhoff also cannot (judging from the alleged facts) establish the second element. Mr. Smith was not acting under color of state law. An "action under color of state law" means an action made by a person exercises a "power, possessed by virtue of state law and made possible only because the [person] is clothed with the authority of state law." United States v. Classic, 313 U.S. 299, 326 (1941). The amended complaint does not allege that Mr. Smith had this power. Instead, Mr. Smith was a private attorney who represented Mr. Kerkhoff. Mr. Smith seems to have had no special connection with a government entity. For these reasons, there is insufficient grounds for relief under Section 1983.

II.   *Section 1985 of Title 42 of the U.S. Code*

Section 1985 gives three different bases for a claim: "preventing officer from performing duties," "obstructing justice; intimidating party, witness, or juror," and "depriving persons of rights or privileges." 42 U.S.C. § 1985(1)–(3). The amended complaint does not identify which bases on which the complaint relies—or in other words, which subsection Mr. Smith allegedly violated. Yet all three bases require a claimant to plead that "two or more persons . . . conspire" Id. § 1985(1)–(3). And a conspiracy means the people reached an agreement and acted in concert. Crabtree By & Through Crabtree v. Muchmore, 904 F.2d 1475, 1481 (10th Cir.1990)

("[T]he rule is clear that allegations of conspiracy must provide some factual basis to support the existence of the elements of a conspiracy: agreement and concerted action.").

Mr. Smith highlights in his motion to dismiss, Mr. Kerkhoff did not allege a conspiracy. Nothing in the complaint alleges that Mr. Smith agreed or acted with another person. Even giving a liberal reading of the allegations, Mr. Smith's actions could not implicate Section 1985.

III.     *Legal Malpractice*

"Legal malpractice is a generic term for at least three distinct causes of action available to clients who suffer damages because of their lawyers' misbehavior. Clients wronged by their lawyers may sue for damages based on breach of contract, breach of fiduciary duty, or negligence." Kilpatrick v. Wiley, Rein & Fielding, 909 P.2d 1283, 1289 (Utah Ct. App. 1996). All three of these causes of action are based on state law and do not raise federal questions under 28 U.S.C. § 1331.

The court has original jurisdiction over the case because Mr. Kerkhoff filed his suit under 42 U.S.C. §§ 1983 and 1985. Under 28 U.S.C. § 1367, the court can exercise supplemental jurisdiction over state-law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Because Mr. Kerkhoff's claims all arise out of Mr. Smith's representation, the malpractice claim is sufficiently related to the federal-law claims so the court has supplemental jurisdiction. Cf. Fitzgerald v. Corr. Corp., 403 F.3d 1134, 1138 (10th Cir. 2005) (finding the trial court had supplemental jurisdiction to hear state-law medical malpractice claims when jurisdiction was based in part on 42 U.S.C. § 1983).

The court may, in its discretion, decline to exercise supplemental jurisdiction if "the court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Because the court will dismiss the claims based on 42 U.S.C. §§ 1983 and 1985, the court also will decline to exercise its supplemental jurisdiction to hear the state-law claims.

**Conclusion**

The amended complaint failed to state a claim upon which relief may be granted, and based on the allegations, it is unlikely that it could be salvaged by further amendment. Yet, in an abundance of caution and because Mr. Kerkhoff is not legally trained, the court will not dismiss with prejudice. Mr. Kerkhoff has until May 26, 2016 to seek leave from the court to further amend his complaint in full compliance with local rule DUCivR 15-1.

## **ORDER**

For these reasons, the court GRANTS, in part, Mr. Smith's motion to dismiss (ECF No. 11). The amended complaint is DISMISSED without prejudice. If Mr. Kerkhoff fails to seek an amendment by, and including, May 26, 2016, the court will dismiss the matter with prejudice.

DATED this 4th day of May, 2016.

BY THE COURT:

*Tena Campbell*
TENA CAMPBELL
U.S. District Court Judge