IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KEVIN LEE KERKHOFF,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL SMITH,<br><br>Defendant. | MEMORANDUM DECISION<br><br>AND ORDER<br><br>Case No. 2:15-cv-00870-TC |

Plaintiff Kevin Lee Kerkhoff, who represents himself as a *pro se* litigant, has filed a motion contending that this court must recuse itself from hearing this case against Defendant Michael Smith. For the reasons set forth below, the court holds that Mr. Kerkhoff has not established any objective reason for recusal. Accordingly, the court DENIES his motion for disqualification (ECF No. 18).

**Governing Standards**

The grounds for recusal are set forth in a federal statutory provision 28 U.S.C. § 455 (titled "Disqualification of justice, judge, or magistrate judge"), which reads in relevant part:

(a)   Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b)   He shall also disqualify himself in the following circumstances:

(1)   Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . . .

28 U.S.C. § 455(a)–(b)(1).

The test for recusal under § 455(a) is "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." Bryce v. Episcopal Church, 289 F.3d 648, 659 (10th Cir. 2002); see also United States v. Cooley, 1 F.3d 985, 993 (10th Cir. 1993) (the question is "whether a reasonable factual basis exists for calling the judge's impartiality into question."). In other words, the standard is an objective one.

Under § 455, "factual allegations do not have to be taken as true. Nor is the judge limited to those facts presented by the challenging party." Hinman v. Rogers, 831 F.2d 937, 939 (10th Cir. 1987) (per curiam) (internal citations omitted). Rather, "[t]he inquiry is limited to outward manifestations and reasonable inferences to be drawn therefrom." Cooley, 1 F.3d at 993.

As for § 455(b)(1), conclusory allegations of bias do not suffice. Hinman, 831 F.3d at 939; see also Willner v. Univ. of Kan., 848 F.2d 1023, 1028 (10th Cir. 1988) ("[A] motion to recuse cannot be based solely on adverse rulings."). And familiarity with the litigant or the dispute being litigated, which was gained by presiding over a related case, does not justify recusal. See, e.g., Liteky v. United States, 510 U.S. 540, 550-51, 553 (1994) (citing section 455(b), the Court stated that "opinions held by judges as a result of what they learned in earlier [judicial] proceedings" are "not subject to deprecatory characterization as 'bias' or 'prejudice'" and that "personal knowledge of disputed evidentiary facts" means knowledge gained from extrajudicial source).

In addition, when a party files a complaint against a judge under the Judicial Conduct and Disability Act, 28 U.S.C. §§ 351–364, the judge is not required to recuse unless "the circumstances raise a reasonable question about the judge's impartiality." Comm. on Codes of

Conduct, Advisory Op. 103, in 2B Guide to Judiciary Policies and Procedures 184, 187–88 (2014), available at http://jnet.ao.dcn/policy-guidance/guide-judiciary-policy.

### Plaintiff's Contentions

Mr. Kerkhoff contends that because this court adjudicated his prior lawsuit, Kerkhoff v. Larson, Civil No. 2:01-cv-00912-TC (dismissed for failure to effect service), the court should recuse itself this time. He also claims to "have a complaint about [the] Judge in [the] Tenth Circuit." (Mot. Disqualification 1.) The court inquired with the Court of Appeals for the Tenth Circuit, and although Mr. Kerkhoff had filed a complaint, it has been dismissed by either the chief judge or the judicial counsel.

Mr. Kerkhoff informs the court that he meant to move for the recusal earlier but forgot because he has difficulty remembering certain things. This does not factor into whether the court should recuse itself.

### No Objective Evidence to Support Recusal

Mr. Kerkhoff does not present evidence showing a reasonable factual basis for calling the court's impartiality into question. The fact that a judge adjudicated a prior lawsuit brought by Mr. Kerkhoff is not enough. And the complaint that Mr. Kerkhoff filed with the Tenth Circuit Court of Appeals, which was dismissed, does not raise a reasonable question of the judge's impartiality.

**<u>ORDER</u>**

For these reasons, the court finds that disqualification under 28 U.S.C. § 455 is not warranted.  Consequently, the court DENIES Mr. Kerkhoff's motion for disqualification (ECF No. 18).

DATED this 4th day of May 2016.

> BY THE COURT:
>
> *Tena Campbell*
>
> TENA CAMPBELL
> U.S. District Court Judge