IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KEVIN LEE KERKHOFF,<br><br>    Plaintiff,<br><br>vs.<br><br>MICHAEL SMITH,<br><br>    Defendant. | MEMORANDUM DECISION<br>AND ORDER<br><br><br><br>Case No. 2:15-cv-00870-TC |

Plaintiff Kevin Lee Kerkhoff, who is an untrained, *pro se* litigator, has filed a lawsuit claiming his former attorney, Defendant Michael Smith, violated his civil rights and committed legal malpractice in 2014. The court dismissed all of Mr. Kerkhoff's claims without prejudice on May 4, 2016. (Mem. Decision & Order, ECF No. 21.) Mr. Kerkhoff now asks the court for leave to amend his complaint under Federal Rule of Civil Procedure 15. He filed a motion on May 16 (ECF No. 23) and another on May 24 (ECF No. 24). Both motions include proposed complaints, which include causes of action for a civil-rights violation

under 42 U.S.C. § 1983 and for malpractice.[1]  Mr. Smith filed a memorandum in opposition (ECF No. 25), and Mr. Kerkhoff filed a document responding to Mr. Smith's arguments (ECF No. 26).

As is discussed more fully below, Mr. Kerkhoff fails to state a claim for relief for the civil-rights claim because his proposed complaints fail to allege facts establishing that Mr. Smith acted under the color of state law.  The court also declines to exercise supplemental jurisdiction over the state-law malpractice claim.  Accordingly, the court DENIES Mr. Kerkhoff leave to file either complaint, and the court DISMISSES all claims with prejudice.

## **GOVERNING STANDARDS**

Normally, the court should grant leave to amend a complaint "when justice so requires."  Fed. R. Civ. P. 15(a).  Mr. Smith objects to Mr. Kerkhoff's proposed amendments arguing that the amended complaints are futile.  The court may properly "deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason" including failure to state a

---

[1] The proposed complaints are essentially the same.  The May 16 complaint includes a page of hand-written legal arguments supporting his § 1983 claim, which is missing from the May 24 complaint.  The May 24 complaint has most references to § 1985 crossed out.  The complaints are so similar the court will treat them as the same while interpreting them liberally in favor of Mr. Kerkhoff.

claim upon which relief can be granted. Bauchman for Bauchman v. W. High Sch., 132 F.3d 542, 562 (10th Cir. 1997). Accordingly, the court will decide whether the factual allegations within the proposed complaints, taken as true, state such a claim.

Additionally, courts construe pleadings drafted by *pro se* litigants liberally, applying a less stringent standard than formal attorney-drafted pleadings. Harrison v. Gilbert, 148 F. App'x 718, 720 (10th Cir. 2005) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)). "Dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002) (quoting Curley v. Perry, 246 F.3d 1278, 1281 (10th Cir. 2001)). "In determining whether dismissal is proper, [the court] must accept the allegations of the complaint as true and . . . construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the" plaintiff. Perkins v. Kan. Dep't of Corr., 165 F.3d 803, 806 (10th Cir. 1999).

# **BACKGROUND FACTS**[2]

Mr. Kerkhoff is a citizen of Orem, Utah. Mr. Smith is a citizen of Provo, Utah, and is a licensed attorney representing himself. Mr. Smith once represented Mr. Kerkhoff. In fact, Mr. Smith had signed a contract to provide legal services to Mr. Kerkhoff after which he was paid $750. The contract specified that Mr. Smith's representation would be "limited" in some way, but at a minimum, Mr. Smith was required to represent Mr. Kerkhoff at a hearing in the U.S. District Court for the District of Utah on July 7, 2014. Mr. Smith did not "follow through with . . . representing" Mr. Kerkhoff "as an attorney" would. (Proposed Compl. 2, May 16, 2016, ECF No. 23-1; Proposed Compl. 2, May 23, 2016, ECF No. 24-1.) The court presumes Mr. Smith did not attend the July 7 hearing to represent Mr. Kerkhoff.

Mr. Smith allegedly did not do any discovery, investigation, or research into 42 U.S.C. §§ 1983 and 1985, which were likely the statutes that were controlling or would be discussed at the July 7 hearing. Mr. Smith only looked up some information on a computer on June 3, 2014. The amended complaint is ambiguous

---

[2] All statements of fact are derived from Mr. Kerkhoff's two proposed complaints.

about what he learned from his investigation. He might have read the above-mentioned statutes or researched something about a prior case that was initiated on February 12, 2002. Beyond these minimal acts, Mr. Smith allegedly did not follow through with the case. Based on the allegations of the amended complaint, the court assumes that Mr. Smith did nothing more for his client.

## **ANALYSIS**

Mr. Kerkhoff's proposed complaints raise two causes of action: a civil-rights violation under 42 U.S.C. § 1983 and a legal malpractice claim. His previous amended complaint included a claim under 42 U.S.C. § 1985, but throughout his May 23 proposed complaint, he crosses out the § 1985 references. Mr. Kerkhoff must have intended to maintain only the § 1983 and malpractice claims.

I.  *Section 1983 of Title 42 of the U.S. Code*

The two main elements of § 1983 "are (1) deprivation of a federally protected right by (2) an actor acting under color of state law." Schaffer v. Salt Lake City Corp., 814 F.3d 1151, 1155 (10th Cir. 2016) (citing D.T. ex rel. M.T. v. Indep. Sch. Dist. No. 16, 894 F.2d 1176, 1186 (10th Cir.1990)).

Mr. Kerkhoff fails to establish the second element. There is no allegation showing that Mr. Smith acted under color of state law. An "action under color of

5

state law" means an action made by a person who exercises a "power, possessed by virtue of state law and made possible only because the [person] is clothed with the authority of state law." United States v. Classic, 313 U.S. 299, 326 (1941). For Mr. Smith's actions to be state actions, they would need to be "fairly attributable to the State." Wasatch Equal. v. Alta Ski Lifts Co., 820 F.3d 381, 387 (10th Cir. 2016) (quoting Gallagher v. Neil Young Freedom Concert, 49 F.3d 1442, 1447 (10th Cir.1995)) (internal quotation marks omitted). The proposed complaints do not allege that Mr. Smith had this power or that his actions can be attributed to the government. Instead, Mr. Smith was a private attorney who represented only Mr. Kerkhoff.

Mr. Kerkhoff argues that because Mr. Smith was licensed by the Utah State Bar, he was a "licensed agent of the State of Utah." (Proposed 2d Compl. 3, May 16, 2016.) Being licensed does not mean the attorney is a state actor under § 1983. Wasko v. Silverberg, 103 F. App'x 332, 334 (10th Cir. 2004) ("[The attorney] was clearly not acting on behalf of the state when he was representing [the plaintiff].").

The proposed complaints give no other basis for why Mr. Smith would have acted under the color of state law. Accordingly, there are insufficient grounds for relief under § 1983.

II.   *Legal Malpractice*

"Legal malpractice is a generic term for at least three distinct causes of action available to clients who suffer damages because of their lawyers' misbehavior. Clients wronged by their lawyers may sue for damages based on breach of contract, breach of fiduciary duty, or negligence." Kilpatrick v. Wiley, Rein & Fielding, 909 P.2d 1283, 1289 (Utah Ct. App. 1996). All three types of malpractice claims are based on state law and do not raise federal questions under 28 U.S.C. § 1331.

The court has original jurisdiction over the case because Mr. Kerkhoff filed his suit under 42 U.S.C. § 1983. The court may exercise supplemental jurisdiction over state-law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367. Because Mr. Kerkhoff's malpractice claim arises out of Mr. Smith's representation, the malpractice claim is sufficiently related to the federal-law claim for the court to exercise supplemental jurisdiction. Cf. Fitzgerald v. Corr. Corp., 403 F.3d 1134, 1138 (10th Cir. 2005) (finding the trial court had supplemental jurisdiction to hear

a state-law medical malpractice claim when jurisdiction was based in part on 42 U.S.C. § 1983).

But the court, in its discretion, may decline to exercise supplemental jurisdiction if "the court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Because the court dismisses the claim based on 42 U.S.C. § 1983, the court also declines to exercise its supplemental jurisdiction to hear the legal-malpractice claim.

## **CONCLUSION**

When dismissing the original amended complaint without prejudice, the court, in an abundance of caution, gave Mr. Kerkhoff the opportunity to request leave to amend his complaint. (Mem. Decision & Order, ECF No. 21.) After reviewing Mr. Kerkhoff's proposed complaints, the court concludes that Mr. Kerkhoff cannot state a claim for relief under § 1983, and the court is unwilling to exercise its supplemental jurisdiction to hear the malpractice claim.

## **ORDER**

For these reasons, the court DENIES Mr. Kerkhoff's motions for leave to amend his complaint (ECF Nos. 23, 24) and now DISMISSES with prejudice all

claims against Mr. Smith.  The court instructs the Clerk of the Court to close the case.

DATED this 3rd day of August, 2016.

BY THE COURT:

*Tena Campbell*
TENA CAMPBELL
U.S. District Court Judge